IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| CARLOS RAMIREZ-MEJIA, <br><br> *Petitioner*, <br><br> v. <br><br> ALEXANDER SANCHEZ, in his official capacity as Warden of the IAH Secure Adult Detention Facility; BRET BRADFORD, in his official capacity as Field Office Director of ICE Enforcement and Removal Operations Houston Field Office; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and PAMELA J. BONDI, in her official capacity as Attorney General of the United States, <br><br> *Respondents*. | §§§§§§§§§§§§§§§§§§§ <br><br><br><br><br> CIVIL ACTION NO. 9:25-CV-00309 <br> JUDGE MICHAEL J. TRUNCALE |

## ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR INJUNCTIVE RELIEF

Before the Court is Petitioner Carlos Ramirez-Mejia's Motion for Temporary Restraining Order and Request for Injunctive Relief (the "Motion") [Dkt. 8]. For the following reasons, the Motion is **DENIED**.

### I. BACKGROUND

Petitioner Carlos Ramirez-Mejia ("Ramirez-Mejia") is a Honduran national who illegally entered the United States in March 2019.[1] [Dkt. 1 at ¶ 13]. On October 6, 2025, United States Immigration and Customs Enforcement ("ICE") detained Ramirez-Mejia and served him with a Notice to appear before the Immigration Court in Conroe, Texas. *Id.* at ¶ 14. Ramirez-Mejia was first processed at the Montgomery Processing Center in Conroe before being transferred to the

---

[1] Ramirez-Mejia admits to entering the United States "without inspection" by immigration authorities. [Dkt. 1 at ¶ 13]. This constitutes a violation of 8 U.S.C. § 1325(a).

1

IAH Secure Adult Detention Facility in Livingston, Texas. *Id.* at ¶¶ 15–16. He had a hearing with the immigration court on December 4, 2025. *Id.* at ¶ 17.

On November 13, 2025, Ramirez-Mejia brought a habeas corpus petition in the Southern District of Texas, claiming that his detention violates both the Immigration and Naturalization Act ("INA")[2] and the Fifth Amendment to the United States Constitution. [Dkt. 1 at ¶¶ 22–34]. The case was subsequently transferred to this District on November 17. [Dkt. 4]. On December 6, 2025, Ramirez-Mejia filed this Motion for a temporary restraining order requiring ICE to release him immediately. [Dkt. 8 at 1].

## II. LEGAL STANDARD

The general purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm until the court makes a final decision on injunctive relief. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Temporary restraining orders are "a highly accelerated and temporary form of preliminary injunctive relief." *Lee v. Verizon Commc'ns, Inc.*, No. 3:12–CV–4834–D, 2012 WL 6089041, at *1 n.2 (N.D. Tex. Dec. 7, 2012). As such, the party moving for a temporary restraining order must satisfy the same four requirements as a party requesting a regular preliminary injunction. *Bowling v. Dahlheimer*, No. 4:18-CV-00610-ALM-CAN, 2018 WL 6582826, at *1 (E.D. Tex. Oct. 3, 2018).

There are four factors a plaintiff must show before a temporary restraining order will issue. First, the moving party must demonstrate a substantial likelihood of success on the merits. *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). Second, the moving party must demonstrate a substantial risk of suffering irreparable harm for which there is no adequate legal

---

[2] 8 U.S.C. § 1101 et seq.

remedy. *Id.*; *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) ("[H]arm is irreparable where there is no adequate remedy at law, such as money damages."). Third, the threatened harm to the moving party must outweigh the injury that a temporary restraining order would inflict upon the opposing party. *Anderson*, 556 F.3d at 360. Finally, the requested temporary restraining order must not disserve the public interest. *Id.*

### III. DISCUSSION

The Court begins and ends its analysis with the first factor—likelihood of success on the merits.

**A.     Substantial Likelihood of Success on the Merits**

To assess likelihood of success on the merits, courts look to "standards provided by the substantive law." *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990). The moving party must present a prima facie case, but need not prove entitlement to summary judgment. *See Byrum v. Landreth*, 566 F.3d 442, 446 (5th Cir. 2009). Ramirez-Mejia brings claims on two separate but related grounds. First, he claims that the INA does not allow the Government to detain him during removal proceedings if no removal order has been issued. [Dkt. 1 at ¶ 25]. Second, Ramirez-Mejia claims that the Government violated due process by detaining him in violation of the INA. *See* [Dkt. 2 at ¶¶ 29–30].

Ramirez-Mejia challenges the Government's "statutory authority to detain him while his removal proceedings are pending [] and no removal order has been issued." [Dkt. 1 at ¶ 23]. His challenge is misplaced, because at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. §

3

1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Ramirez-Mejia is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a).³ *See* [Dkt. 1 at ¶¶ 12, 25]. Because the Government has not detained him in violation of the INA, Ramirez-Mejia's Fifth Amendment claim also does not have a likelihood of success.

Ramirez-Mejia therefore has not shown a substantial likelihood of success on the merits.

### IV. CONCLUSION

It is therefore **ORDERED** that Ramirez-Mejia's Motion for Temporary Restraining Order and Request for Injunctive Relief [Dkt. 8] is hereby **DENIED**.

**SIGNED this 8th day of December, 2025.**

Michael J. Truncale
United States District Judge

---

[3] Ramirez-Mejia's Petition and Motion can also be read as challenging his detention as indefinite. [Dkt. 1 at ¶ 28; Dkt. 8 at 4]. However, he has not shown a likelihood of success on the merits as to that claim either. *Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700. As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id.* at 701. This six month period has not elapsed; Ramirez-Mejia was detained on October 6, 2025, approximately two months ago. He therefore has the burden, and Ramirez-Mejia has not carried it; in fact, his presently ongoing removal process implies the opposite. He therefore cannot show likelihood of success on the merits.