IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| CARLOS RAMIREZ-MEJIA,<br><br>*Petitioner*,<br><br>v.<br><br>ALEXANDER SANCHEZ, in his official capacity as Warden of the IAH Secure Adult Detention Facility; BRET BRADFORD, in his official capacity as Field Office Director of ICE Enforcement and Removal Operations Houston Field Office; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and PAMELA J. BONDI, in her official capacity as Attorney General of the United States,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 9:25-CV-00309<br>§  JUDGE MICHAEL J. TRUNCALE<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR INJUNCTIVE RELIEF

Before the Court is Petitioner Carlos Ramirez-Mejia's Petition for Writ of Habeas Corpus and Complaint for Injunctive Relief (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Carlos Ramirez-Mejia ("Ramirez-Mejia") is a Honduran national who illegally entered the United States in March 2019.[1] [Dkt. 1 at ¶ 13]. On October 6, 2025, United States Immigration and Customs Enforcement ("ICE") detained Ramirez-Mejia and served him with a Notice to appear before the Immigration Court in Conroe, Texas. *Id.* at ¶ 14. Ramirez-Mejia was first processed at the Montgomery Processing Center in Conroe before being transferred to the

---

[1] Ramirez-Mejia admits to entering the United States "without inspection" by immigration authorities. [Dkt. 1 at ¶ 13]. This constitutes a violation of 8 U.S.C. § 1325(a).

IAH Secure Adult Detention Facility in Livingston, Texas. *Id.* at ¶¶ 15–16. He had a hearing with the immigration court on December 4, 2025. *Id.* at ¶ 17.

On November 13, 2025, Ramirez-Mejia brought a habeas corpus petition in the Southern District of Texas, claiming that his detention violates both the Immigration and Naturalization Act ("INA")[2] and the Fifth Amendment to the United States Constitution. [Dkt. 1 at ¶¶ 22–34]. The case was subsequently transferred to this District on November 17. [Dkt. 4]. On December 6, 2025, Ramirez-Mejia filed a motion for a temporary restraining order requiring ICE to release him immediately, which the Court subsequently denied. [Dkt. 8 at 1; Dkt. 9].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Ramirez-Mejia brings claims on two separate but related grounds. First, he claims that the INA does not allow the Government to detain him during removal proceedings if no removal order has been issued. [Dkt. 1 at ¶ 25]. Second, Ramirez-Mejia claims that the Government violated due process by detaining him in violation of the INA. *Id.* at ¶¶ 29–30.

Ramirez-Mejia challenges the Government's "statutory authority to detain him while his

---

[2] 8 U.S.C. § 1101 et seq.

2

removal proceedings are pending [] and no removal order has been issued." *Id.* at ¶ 23. His challenge is misplaced, because at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Ramirez-Mejia is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a). *See* [Dkt. 1 at ¶¶ 12, 25]. Because the Government has not detained him in violation of the INA, Ramirez-Mejia's Fifth Amendment claim also fails.[3]

3

---

[3] Ramirez-Mejia's Petition can also be read as challenging his detention as indefinite. [Dkt. 1 at ¶ 28]. *Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700. As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id.* at 701. This six month period has not elapsed; Ramirez-Mejia was detained on October 6, 2025, approximately two months ago. He therefore has the burden, and Ramirez-Mejia has not carried it.

## IV. CONCLUSION

Because Ramirez-Mejia has failed to demonstrate by a preponderance of the evidence that his detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Ramirez-Mejia's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 8th day of December, 2025.**

Michael J. Truncale
United States District Judge